NOT FOR PUBLICATION                                                    (Docket No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TIMOTHY J. BRUNETTA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 09-5229 (RBK/KMW) |
| : | |
| JOSEPH P. TESTA, JSC, : | **OPINION** |
| Individually and in his capacity as Judge of : | |
| the Superior Court of Cumberland County, : | |
| : | |
| Defendant. : | |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendant Joseph P. Testa ("Judge Testa" or "Defendant") to dismiss the Complaint of Plaintiff Timothy J. Brunetta ("Brunetta" or "Plaintiff").  For the reasons set forth below, this motion will be granted.

I.      **BACKGROUND**

On March 6, 2009 Brunetta's wife filed a complaint for divorce and child custody with the Superior Court of New Jersey, seeking legal separation from Plaintiff and custody of the couple's children.  Judge Testa was assigned to hear the case and he presided over the initial May 6, 2009 hearing.  At the initial hearing, Judge Testa ordered Plaintiff to attend a Parent Education Program where the Judge would participate as one of the program's speakers. Plaintiff alleges that Judge Testa made comments during the program indicating his preference to

settle cases rather than oversee contentious courtroom battles.  Compl., at ¶ 6-7, 9-10.  Plaintiff also alleges that the Judge and his staff made comments indicating his preference for settlement over litigation on other occasions.  Id.

On August 21, 2009, Judge Testa presided over a hearing where Plaintiff and his ex-wife disputed certain aspects of their impending divorce settlement.  At the conclusion of the hearing, Judge Testa allegedly ordered Plaintiff to pay alimony, child support, imputed income, a portion of their children's Catholic school tuition, and attorneys' fees to his ex-wife and set a visitation schedule for Plaintiff and his children.  At a subsequent status conference on October 5, 2009, Judge Testa held Plaintiff in contempt for his failure to attend the conference despite Plaintiff's defense that he could not attend due to his work schedule.  Nine days later, Plaintiff filed an action with this Court pursuant to 42 U.S.C. § 1983 alleging that Judge Testa's strong preference for settlement over litigation violated Brunetta's constitutional rights.  He further alleged that Defendant is unfit to preside over his or any other case because of a hearing impairment.

Despite Plaintiff's admission that his divorce and child custody action is ongoing in the New Jersey state court system, Pl. br. at ¶ 1, Plaintiff seeks relief from this Court.  Specifically, Plaintiff seeks injunctive relief "commanding the Defendant be temporarily barred from presiding over any court of law" until the New Jersey Administrative Office of the Courts ("NJAOC") properly investigates Defendant's "practices and procedures," injunctive relief requiring the NJAOC to audit Defendant's case assignments over the past ten years, injunctive relief ordering provisions for Judge Testa to receive proper accommodations to "overcome his disability," injunctive relief vacating the court orders imposed by the Superior Court against Plaintiff, injunctive relief to force a change in venue for Plaintiff's divorce and child custody proceeding, attorneys fees, declaratory relief "as [the] court deems appropriate and just," and any

other relief the Court deems appropriate. Compl., at ¶ 19. The Court is unable to grant any of the relief that Plaintiff requests.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

## III. DISCUSSION

### A. Younger Abstention Doctrine

It is not generally the role of the federal courts to interfere in pending state judicial

proceedings.  In Younger v. Harris, the U.S. Supreme Court held that federal courts may not enjoin pending state criminal proceedings "except under special circumstances." 401 U.S. 37, 41 (1971).  The Court reasoned that federal courts may not place an injunction on state proceedings out of "proper respect for state functions." Id. at 44.  The rule announced in Younger became known as the Younger abstention doctrine, and the Supreme Court eventually extended the doctrine to civil proceedings.  See Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992); Pennzoil v. Texaco, 481 U.S. 1, 1-2 (1987); Juidice v. Vail, 430 U.S. 327. 327-28 (1977).  The Younger abstention doctrine applies where a plaintiff seeks injunctive relief, declaratory relief, or both. Samuels v. Mackell, 401 US 66, 73-74 (1971) (barring declaratory relief under Younger abstention); Younger, 401 U.S. at 41 (barring injunctive relief).  Therefore, a federal court must abstain from addressing requests for injunctive or declaratory relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  Samuels, 401 U.S. at 73-74; Younger, 401 U.S. at 44.

The United States Court of Appeals for the Third Circuit has announced three requirements that must be met before Younger abstention may be invoked: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Kendall v. Russell, 572 F.3d 126, 140 (3d Cir. 2009) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).  All three requirements are satisfied here.

    B.    Younger Applied

Under the first prong of the Younger abstention doctrine, there must be an ongoing state judicial proceeding.  Plaintiff admits that his divorce and child custody case is "presently pending before the Superior Court of New Jersey." Pl. br. at ¶ 1.  Plaintiff's case is clearly

ongoing in the Superior Court and he has yet to exhaust his appeals in the New Jersey state courts. If Plaintiff does not agree with the Superior Court's final decision, he can appeal all the way to the New Jersey Supreme Court. The divorce and child custody case between Plaintiff and his ex-wife is a state civil proceeding that has yet to run its course in state court. Therefore, the first prong of the Younger doctrine has been met.

The second prong of the Younger doctrine requires that the state proceeding concern important state interests. The heart of Plaintiff's matter involves his divorce and child custody dispute. All of Plaintiff's dissatisfaction with Defendant arose from the way the judge handled his divorce and child custody proceeding. Plaintiff did not file the present suit against Judge Testa until after Plaintiff received an unfavorable judgment regarding his domestic dispute. Compl., at ¶ 12. Federal courts in the United States generally refrain from intervening in domestic relations cases because "domestic relations are preeminently matters of state law." Mansell v. Mansell, 490 U.S. 581, 587 (1989). See Dixon v. Kuhn, 257 Fed. Appx. 553, 555 (3d Cir. 2007) (barring appeal to federal court in child support proceeding under Younger abstention); Harbour v. Grahm, No. 09-1509, 2009 WL 2488145, at *4 (D.N.J. Aug. 11, 2009) (holding that, under Younger, Plaintiff must raise constitutional challenges regarding his child custody case in state court where proceedings are ongoing).[1] The proclivity of federal courts to abstain from interference in domestic relations cases shows the important state interest in

---

[1] The "domestic relations exception" is a common law doctrine that prohibits federal courts from interfering in state domestic relations cases where the plaintiff filed a diversity action involving issuance of a decree. Although not controlling in this case, the domestic relations exception illustrates the tendency of federal courts to leave domestic relations issues for the states. See, e.g., Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (recognizing "domestic relations exception" that reserves family relations issues as matters of state law); Weinstein v. Twp. of Franklin, 898 F. Supp. 271, 274-75 (D.N.J. 1995) (noting longstanding presence of "domestic relations exception" in federal courts).

keeping domestic disputes in state courts. To interfere with domestic relations would disturb an important state interest. Therefore, the second prong of the Younger abstention test has been met.

The final requirement of the Younger doctrine is for the state proceedings to afford an adequate opportunity to raise federal claims. There is a general presumption that a plaintiff can present his federal claims in the related state court proceeding unless he argues otherwise. Pennzoil v. Texaco, 481 U.S. 1, 17 (1987). Plaintiff has done nothing to rebut this presumption. Therefore, because the state proceeding is ongoing and Plaintiff did not argue that the state courts do not provide an adequate forum to present his federal claims, the third and final prong of the Younger abstention doctrine has been satisfied.

Therefore, even construing all of the facts presented in the light most favorable to Plaintiff, the Court must grant the Motion to Dismiss. All of the Younger abstention requirements are satisfied and it is not within the Court's discretion to disregard the doctrine. Thus, the Court is compelled to grant the Motion to Dismiss.[2]

## IV.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint. An appropriate Order follows.


Date:   4/13/10                                                                  /s/ Robert B. Kugler
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge

---

[2] Defendant also presents a number of other defenses (e.g., sovereign immunity, absolute judicial immunity, not a person under §1983), but it is unnecessary to examine them as Plaintiff's claim is otherwise barred under Younger.